## Thomas Sylvester, Appellant, v. Bloomington & Normal Railway and Light Company, Appellee.

### (Not to be reported in full.)

Appeal from the Circuit Court of McLean county; the Hon.
COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the
October term, 1913. Reversed and remanded. Opinion filed October
16, 1914.

### Statement of the Case.

Action by Thomas Sylvester against the Bloomington
& Normal Railway and Light Company for damages
for the killing of a horse and the destruction of a
wagon. The court instructed the jury to find the de-
fendant not guilty. From a judgment entered upon a
verdict for defendant, plaintiff appeals.

At about seven o'clock at night on October 24, 1911,
plaintiff's servants were driving a team of horses be-
longing to plaintiff north on a public street upon which

were defendant's tracks. When they came in sight of a signal light placed upon a pile of rock they were compelled to drive on defendant's car track. When they were just ready to turn onto the track the street car was from 800 to 1,000 feet south of them. The horses at that time were moving at the rate of from three to three and one-half miles per hour, and just as the horses were going on the track the street car was about 300 feet south of the rock pile. The team had gone far enough to go around the rock pile and the driver had turned them off the track when the rear end of the wagon was struck by the street car going north with such force as to demolish the wagon and break the back of one of the horses. The declaration alleged the plaintiff's servants were using all care and caution for the safety and care of the horses; charged the defendant with negligence in failing to equip the motor car with a good and sufficient headlight so that objects on the track in front of the car could be seen by its motorman. That the car was negligently running at a high rate of speed, to wit, thirty miles per hour, and that it failed to give reasonable or proper warning to plaintiff's servants of its approach.

HART & FLEMING, for appellant.

LIVINGSTON & BACH, for appellee; SIGMUND LIVINGSTON, of counsel.

MR. JUSTICE SCHOLFIELD delivered the opinion of the court.

### Abstract of the Decision.

1. TRIAL, § 195*—*when direction of verdict improper.* If there is any evidence which fairly tends to support the plaintiff's case it must be submitted to the jury, and the weight and credit to be given it is for the jury.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

2. STREET RAILROADS, § 100\*—*when driving on car tracks not negligence per se.* For plaintiff's servants to drive on a track *held* not negligence *per se* under the circumstances shown by the evidence, and the question of whether or not they were guilty of contributory negligence in doing so was a question of fact to be determined by the jury.

3. STREET RAILROADS, § 86\*—*care required in avoiding collision with animals and vehicle.* Where, in an action to recover for the killing of a horse and the destruction of a wagon struck by defendant's street car, it appeared that a team of horses were driven on the street railway tracks to avoid a rock pile, and that the car was coming from the rear at the rate of between thirty and thirty-five miles per hour, and that the headlight was but a 16-candle power reflector, in a rusted condition, by which an object could not be seen at a distance greater than twenty-five or thirty feet in front of the car, and that no bell was rung or whistle sounded, *held* the court erred in directing a verdict of not guilty.